UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORAL OIL & GAS, INC, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2932 |
| | § | (Related Case 4:00-CV-02584) |
| JEFFREY A. COMPTON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

I.  **Introductions and Procedural Background**

The Appellant, Coral Oil & Gas, Inc. ("COGS") appeals the Bankruptcy Court's Order ("court") holding that it had subject matter jurisdiction to entertain motions filed by the Successor Trustee concerning the Coral Petroleum Trust ("Trust") that was terminated, according to its terms, in April 2007. The Appellant argues that, because the court lacked Article III jurisdiction, the Successor Trustee lacked standing to file his motions and the court, in turn, erred by taking up the motions and by determining the motions.

The Appellant timely gave notice of appeal and filed its brief pursuant to Federal Rules of Bankruptcy Procedure Rule 8015. Likewise, the Appellee, Jeffrey A. Compton, Successor Trustee to the Trust filed his brief asserting that the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and, therefore, was authorized to entertain the Successor Trustee's motions and enter appropriate orders. This Court has jurisdiction over the appeal to determine whether the court had subject matter jurisdiction to entertain the Successor Trustee's motions pursuant to 28 U.S.C. § 158(a)(3). The standard under which this Court reviews the contentions presented is *de novo*. *See Bond v. Landry*, 457 F.3d 409, 410 (5th Cir. 2006).

## II. Factual Background

The relevant facts underlying this dispute are undisputed. On June 2, 1983, the Appellant filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1334(a), seeking to reorganize its debts. An order confirming a plan was entered March 19, 1986, that established a Creditor's Trust for the benefit of unsecured claims and for "the purpose of liquidating and distributing the General Collateral and the Distributable Assets and eliminating all indebtedness of the Debtor". *See* Confirmation Plan, § 6.01 (App. Part 2, Bankr. Docket I, No. 1078 at p. 19). The term of the Trust was to be twenty-one (21) years from its effective date, April 17, 1986. [Section 9.17 of the Plan states in part: "…in no event, however, shall the Trust extend beyond twenty-one years from the Effective Date."] Therefore, the Trust ended by its terms in March of 2007.

Section 12.01 of the Confirmation Plan provided for the potentiality that, in the event the Trust expired before its purpose was accomplished. It provides in relevant part:

> …   After entry of the Confirmation Order, the Creditors' Committee, Banque Paribas and Coral may jointly with approval of the Court, and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission, … in such manner as may be necessary to carry out the purposes and effect of the Joint Plan.

[Appendix Part 2, Bankr. Docket I, No. 1078 at pp. 35-36]. The bankruptcy case was formally closed on February 10, 2007. However, prior to its closure, a Successor Trustee was appointed on June 28, 2001, to close the case. On March 4, 2013, the Successor Trustee, after the case was closed and the Trust terminated, filed a motion to reopen the case in order that recently recovered funds might be administered. According to the appellee, and it does not appear disputed by the appellant, those funds, some $200,000, were proceeds from "the demutilization of [COGS] old pension plan" and, therefore, fell into the category of funds belonging to the Trust. *See* [Article

V Confirmation Plan]. These funds were in the possession of the Texas State Controller and were turned over to the Successor Trustee when disputes arose as to the rightful owner(s). Subsequently, the Successor Trustee filed a motion authorizing distribution of the funds.

### III.  Contentions and Arguments

The appellant filed a response to the Successor Trustee's motion to reopen the bankruptcy case. Relying on several sections of the Confirmation Plan, the appellant argues that the Trust ceased to exist on April 17, 2007, therefore, (a) the court lacked subject matter jurisdiction over the Successor Trustee's motions; and (b) the Successor Trustee had no power to collect or distribute the funds, due to the termination of the Trust. Instead, the appellant argues, the funds should be "deposited into the registry of the Court to allow all parties who may have an interest . . . to make their claim…."

As expected, the appellee asserts that the Court should reject the appellant's subject matter jurisdiction arguments. Arguing that the Bankruptcy Court has subject matter jurisdiction, it asserts that the court, as a general rule, "retains jurisdiction to interpret and enforce its own orders. *See Highland Capital Mgmt. LP v. Chesapeake Energy Corp.*, 522 F.3d 575, 589 (5th Cir. 2008) *see also Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009). Additionally, the Appellee points to Articles V and XIII of the Confirmation Plan, as informative -- Article V addresses the assets that are transferred to the Trust; Article XIII authorizes the Court to hear and determine controversies related to the Trust. Therefore, based on the Configuration Plan and case law, the appellee asserts that the court had jurisdiction.

Additionally, the appellee contends that appellant misinterprets the Fifth Circuit's ruling in *Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999). There, the Fifth Circuit did not reach the merits of the appeal, holding that the trust, by its terms, foreclosed winding-up powers because

the document did not affirmatively indicate that the parties contemplated such a default provision. *Id.* at 716. Concluding, the appellee asserts that the court had subject-matter jurisdiction because the Confirmation Plan has a "retention of jurisdiction" provision. *See* [Confirmation Plan § 13.01].

As a counter argument, the appellee asserts that the appellant lacks standing to challenge either the Successor Trustee's motions or the Court's determination of those motions. In this respect, the appellee argues that the appellant is not a "person aggrieved" as contemplated by case law. *See In Re Coho Energy*, 395 F.3d 198, 202-03. Standing to intervene in a closed bankruptcy case is, according to *Coho*, governed by the "person aggrieved" standard where a "higher causal nexus" "must exist between the act and the injury than traditional constitutional standing." *Id.*

The appellant argues that, in fact, it has standing in this suit because it is the successor to the Debtor under the Confirmation Plan. It argues that it has standing because: (a) the terms of the Confirmation Plan, paragraph 12.b1, provides for standing; (b) the court's September 12 Order, if enforced, defeats the appellant's claim to the funds; (c) any beneficiary's funds, if unclaimed, reverts to the Reorganized Debtor because the Trust is terminated against which the appellant claims pursuant to 11 U.S.C. § 347(b); (d) in the alternative, the appellant may make a claim on behalf of the pension plan; and (e) the appellant should have been given permission to amend its pleadings and/or present evidence on the standing issue, citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

**IV.    Discussion and Analysis**

The question of mootness is resolved, in part, by an analysis of the terms of the Trust. Trust instruments are to be interpreted in the same manner as contracts. *See Goldin v.*

*Bartholow*, 166 F.3d 710, 715 (5th Cir. 1999); *see also Askanase v. LivingWell, Inc.*, 45 F.3d 103, 106 (5th Cir. 1995). In this case, the Trust was formed under Texas law, therefore, it is to be construed under Texas law. *Id.* at 715. "Unless the language of the contract is ambiguous, interpretation of the contract is a question of the law. *Id.* Neither party claims that the contract is unambiguous; therefore, the Court turns to the relevant provisions addressing first the mootness issue followed by the standing issue. The appellant argues that mootness destroys the court's jurisdiction.

After a debtor's reorganization plan has been confirmed, the debtor's estate and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan. *See, In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001) (citations omitted). Jurisdiction to implement or execute the plan extends to matters that "impact compliance with or completion of the reorganization plan." *See Id.*; *see also U.S. Brass Corp. v. Travelers, Inc.*, 301 F.3d 296, 305 (5th Cir. 2002).

Specifically, the appellant contends that the court lacked subject matter jurisdiction over the Successor Trustee's motions because the Trust expired in 2007. This Court disagrees. The fact that Section 12.01 references the Creditors' Committee, Banque Paribus and Coral, does not extinguish the Court's jurisdiction. On the contrary, it confirms it. Moreover, Title 28 U.S.C. § 1334(a) and (b) confer original and exclusive jurisdiction over cases "arising under", "arising in", or "related to" a bankruptcy case. This authority not only applies to confirmation of a plan within the case but also means that the court has jurisdiction over plan interpretation and enforcement of its orders pursuant thereto. *See In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 589 (5th Cir. 2008); *see also Travellers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009); *see also* 28 U.S.C. § 157(b).

Section 13.01 of the Confirmation Plan authorizes the court to retain subject matter jurisdiction over "controversies relating to the Trust" that it created.  The appellant argues that because the Trust language does not permit it to survive beyond twenty-one years (2007), the rule announced in *Goldin* applies, cutting off the jurisdiction of the Court.  This is a misunderstanding of the Fifth Circuit's holding in that case.  There, the trust provided for an alternative procedure that, in effect, changed the asset disposition stated in the trust.  This "alternative procedure" to the trust provisions would have the effect of extending the trust beyond the express terms and intent of the parties that the trust terminated automatically.

The Trust before this Court does not have language suggesting an alternative procedure to its express language.  However, its express termination language must be read in the context of the Trust's intended purpose.  The Trust was created for "the purpose of liquidating and distributing the General Collateral and Distributable Assets and eliminating <u>all</u> indebtedness of the Debtor." [Confirmation Plan, Art. VI, 6.01].  Essentially all proceeds, not subject to a valid lien or security interest or a settlement agreement, went into the Trust, "including future receipts" [Confirmation Plans, Art. V, 5.02(iv)].  The language "future receipts" was without limitations.  This language, however, does not change the purpose of the Trust either in its mission or its term.  Therefore, the Court is of the opinion that the Bankruptcy Court had subject matter jurisdiction to entertain disposition of future receipts of funds.  *In re Seven Seas Petroleum*, 522 F.3d at 589.

Next, the appellant argues that the court erred when it ruled that the Reorganized Debtor lacked standing to be heard on the motions.  The appellant contends that as successor to the Debtor, it has standing to "appear and be heard on any issue in a case under this chapter."

In order to show standing the appellant must show that it was "directly and adversely" affected pecuniarily by the court's order. *See In re Coho Energy, Inc.*, 395 F.3d 198, 203 (5th Cir. 2004). This test requires the complainant to establish that it is an "aggrieved person" – an exacting standard that requires the claimant to show that the alleged harm is "fairly traceable" to the action of the court. *Id.*; (citations omitted); *see also Rohm & Harr Tex. Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 207 (5th Cir. 1994).

The appellant's pleadings do not support a finding that it suffered or will suffer harm by the court entertaining the Successor Trustee's motions or by disposition of the recently acquired funds. Notwithstanding, the appellant argues that it should be permitted to amend its pleadings and present evidence on standing citing to *Warth v. Seldin*, 42 U.S. 490, 501 (1975). *Warth* does not support the appellant's argument. Unlike the arguments in *Warth*, it is clear here that the funds belong to the Trust. These funds are not the remnants of "valid lien[s]." These proceeds belong in the category of "General Collateral and Distributable Assets" and, therefore, belong to the Trust. Once there, the claims of creditors, including pension plan beneficiaries, may be determined. But, in no event, do the proceeds belong to the appellant, the Reorganized Debtor. The Court concludes that the appellant has not and cannot establish that it has or will suffer a pecuniary loss. *In re Coho Energy, Inc.*, 395 F.3d at 203.

Therefore, the Court **AFFIRMS** the Bankruptcy Court's rulings and **DISMISSES** the Appeal.

SIGNED on this 24th day of March, 2015.

_____
Kenneth M. Hoyt
United States District Judge